```
              DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

HASAN ABDEL-RAHMAN, MALEA KIBLAN    )
RAHMAN, ABDUL SAMAD, FOAD SAMAD, AYMAN)
ABDEL-SAMAD, and FALAHEEN ENTERPRISES,)
INC.,                               )
                                    )    Civil No. 2013-102
          Plaintiffs,               )
                                    )
          v.                        )
                                    )
HASSAN ABDALLAH, AHMAN ABDALLAH,    )
DOCKSIDE CONVENIENCE LLC, and GIANT )
MARKET LLC,                         )
                                    )
          Defendants.               )
                                    )
```

**ATTORNEYS:**

**Scot F. McChain, Esq.**
McChain Nissman Law Group
St. Croix, VI
    *For the Plaintiffs* ,

**Mark Wilczynski, Esq.**
Law Office of Wilczynski & Garten, P.C.
St. Thomas, VI
    *For the defendants.*

<u>ORDER</u>

**GÓMEZ, J.**

The Court, as a court of limited jurisdiction, now sua sponte considers its subject-matter jurisdicition in the instant case.

On June 1, 2009, Mohannad Abdel-Samad and Jad Shalhout, acting on behalf of Falaheen Enterprises, Inc. ("Falaheen")

entered into a lease with Plessen, Inc. to lease property described as No. 9 & 6 Estate Thomas, St. Thomas, U.S. Virgin Islands (the "Property"). The lease was multi-part, and called for a gas station and convenience store to be built on the Property. The gas station was to be open by June 2009, and the convenience store was to be constructed by 2013.

Thereafter, Falaheen entered into agreements with Caribbean Petroleum, Inc. to purchase equipment and other property necessary to construct a gas station on the Property, as well as an agreement to purchase fuel (the "fuel purchase agreement"). A gas station owned by Falaheen opened on the Property on June 16, 2009, under the name "Giant Gas." Mohannad Abdel-Samad and Jad Shalhout transferred their shares in Falaheen to Ayman Abdel-Samad and Hasan Abdel-Rahman.

Falaheen's owners were unable to agree on the specifics of building a convenience store on the property. Falaheen pursued the option of having another party develop the convenience store with the intended result of eventually combining Giant Gas and the convenience store into a single operation.

Thereafter, Dockside, LLC ("Dockside") was organized. Hasan Abdel-Rahman owned a 50% interest in Dockside, Foad Samad owned a 25% interest, and Hassan Abdallah owned a 25% interest. Hassan Abdallah agreed to oversee the construction of the convenience

store for all parties with size, cost, and all other components to be reviewed and agreed to by all members of Dockside and Falaheen.

On June 1, 2010, Hasan Abdel-Rahman and Hassan Abdallah executed a second lease with Plessen, Inc. for the Property. The second lease changed the leaseholder from Falaheen to Dockside. In the second lease, Hasan Abdel-Rahman and Hassan Abdallah made personal guarantees to pay the full amount of the lease in the event of default.

In June, 2010, Caribbean Petroleum sued Falaheen and Abdul Samad, one of Falaheen's members, for failure to perform under the fuel purchase agreement (the "fuel purchase litigation"). While the fuel purchase litigation was ongoing, Hassan Abdallah loaned funds to Falaheen to help with litigation costs, fuel costs, and rent on the Property. The total amount of Hassan Abdallah's financial assistance was $125,000. It was agreed that any money loaned to Falaheen from Hassan Abdallah would be repaid.

Hassan Abdallah purchased 10% ownership of Falaheen by buying 10 shares at $10,000 per share.

Falaheen granted Hassan Abdallah's brother, Ahmad Abdallah, the authority to manage Giant Gas on June 16, 2010. Once Ahmad Abdallah assumed management of Giant Gas, Falaheen did not

control Giant Gas's finances or day-to-day operations. Hassan Abdallah, Ahmad Abdallah, and their father Subhi Abdallah, were the only individuals involved in the day-to-day operations of Giant Gas, and had sole control over its bank accounts, purchases, expenses, and accounting. Falaheen alleges it made repeated requests for financial records that were unanswered during 2010, 2011, and 2012.

Designing, planning, and construction of the convenience store was ongoing during 2010 and 2011. Falaheen alleges that Hassan Abdallah did not include Falaheen's other members in the designing or planning of the convenience store.

In February of 2011, Falaheen and Dockside discussed merger. They drafted a tentative proposal for merger that was conditional upon certain terms. That month, Foad Samad, Hasan Abdel-Rahman, and Hassan Abdallah executed an agreement redistributing the membership interest of Dockside. That agreement granted Hassan Abdallah a 51% interest, Hasan Abdel-Rahman a 39% interest, and Foad Samad a 10% interest. The plaintiffs allege this agreement was based on promises made by Hassan Abdallah to Hasan Abdel-Rahman and Foad Samad.

While a potential merger was being discussed, and before any merger could occur, Falaheen and its members advised Hassan Abdallah, Ahman Abdallah, Dockside, and Giant Market not to

comingle the business accounts for Giant Gas and the convenience store. Rosh Alger, then Falaheen's attorney, communicated with the parties that prior to merger, accounting for the sales of gas and other products should be segregated.

In September, 2012, the convenience store on the Property opened for business. Thereafter, Hasan Abdel-Rahman, Malea Kiblan Rahman, Abdul Samad, Foad Samad, Ayman Abdel-Samad, and Falaheen allege, Hassan Abdallah, Ahman Abdallah, Dockside, and Giant Market began to comingle funds between the convenience store and the Giant Gas.

The fuel purchase litigation was settled out of court in October 2012, on the advice of Alger. Alger notified the parties. Alger then requested submission of all receipts documenting the investment so that membership interests in the proposed, merged corporation could be distributed. Thereafter, Hassan Abdallah emailed Falaheen and its membership suggesting the terms of a merger between Dockside and Falaheen, including a final distribution of shares.  According to the proposed distribution: Hassan Abdallah would receive a 69.99% interest in the new corporation, Hasan Abdel-Rahman would receive 8.34%, Hussein Abdel-Samad (another member of Falaheen) would receive a 10% interest, Abdul Samad would receive 6.67%, and Ayman Abdel-Samad would receive a 5% interest. Alger informed Falaheen and

its members that the merger would occur whether they agreed to the proposed terms or not.

On January 4, 2013, Hasan Abdel-Rahman, Foad Samad, Ayman Abdel-Samad, and Abdul Samad replaced Alger with a new attorney, Robert Eberhart ("Eberhart") to represent them. Eberhart requested copies of accounts and financial statements related to Falaheen and Dockside from Alger. Alger replied that the merger had already taken place, and that he intended to file the appropriate paperwork.

In February 2013, Hassan Rahman, president of Falaheen, contacted Mohanned Abdel-Samad three times and directed Mohanned Abdel-Samad to take control of Giant Gas's accounts, cash, bank accounts, and gas station business and separate them from the convenience store's accounts. Mohanned Abdel-Samad stated that would be almost impossible.

Thereafter, on March 15, 2013, Hassan Abdallah filed Articles of Merger for Dockside Convenience, LLC ("Dockside Convenience"), the company purportedly formed when Falaheen and Dockside merged.

Falaheen, Hasan Abdel-Rahman, Malea Kiblan Rahman, Abdul Samad, Foad Samad, and Ayman Abdel-Samad (collectively the "Falaheen Group") filed a Complaint in this matter on October 29, 2013. In that Complaint, the Falaheen Group alleged that

Hassan Abdallah, Ahman Abdallah, Dockside, and Giant Market (collectively the "Dockside Group") unlawfully "took over" Giant Gas.

The Complaint contained eleven counts.[1] Count One alleged federal securities fraud by the Dockside Group. Count Two alleged violations of the federal Racketeer Influenced Corrupt Organizations Act ("RICO") and the Virgin Islands Criminally Corrupt Influenced Organizations Act by the Dockside Group. Count Three alleged that the Dockside Group violated the Virgin Islands Uniform Securities Act. Count Four alleged misrepresentation and fraud by Hassan Abdallah. Count Five alleged misrepresentation and fraud by Ahmad Abdallah. Count Six alleged a breach of fiduciary duty by Hassan Abdallah.  Count Seven alleged breach of fiduciary duty by Ahmad Abdallah. Finally, Count Eight alleged unjust enrichment by Hassan Abdallah. Counts Nine and Ten sought piercing of the corporate veil of Dockside and Giant Market.  Count Eleven alleged civil conspiracy by Hassan Abdallah and Ahmad Abdallah.

The Dockside Group filed a motion to dismiss the Complaint for failure to state a claim on December 30, 2013. Specifically, the Dockside Group argued that neither the federal securities

---

[1] The counts are listed as "A, B, C" etc. in the Complaint. For clarity, the Court has labeled Count A as Count One, Count B as Count Two, and so forth.

Case: 3:13-cv-00102-CVG-RM Document #: 19 Filed: 03/05/15 Page 8 of 8

Abdel-Rahman et al. v. Abdallah et al.
Civil No. 2013-102
Order
Page 8

fraud count nor the civil RICO count stated a claim on which relief could be granted.

This Court, on September 11, 2014, dismissed the two federal counts contained in the Complaint. The plaintiffs were given leave to file an amended complaint no later than 3:00 PM on September 30, 2014. The plaintiffs failed to do so.

"The district courts may decline to exercise supplemental jurisdiction over a claim . . . if--(1) the claim raises a novel or complex issue of State law,(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,(3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367.

Here, the Court has dismissed all claims over which it had original jurisdiction.

The premises considered, it is hereby

**ORDERED** that the Complaint in this matter is **DISMISSED** for lack of jurisdiction; it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

S\_____
**Curtis V. Gómez**
**District Judge**